[No. A076486. First Dist., Div. Three. Dec. 11, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
ARMANDO OLEA, Defendant and Appellant.

**COUNSEL**

Heather MacKay, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, and Catherine A. Rivlin, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**PARRILLI, J.**—When a defendant agrees to a plea bargain by which he pleads guilty to an offense not specifically included in the sex offender registration statute, and the registration requirement is not included in the bargain, may the sentencing court subsequently require the defendant to register based on the facts underlying the offense? Not without violating the plea agreement.

Armando Olea appeals from a judgment and sentence entered on his plea of guilty to burglary charges. He contends the sentencing court violated the plea bargain he had accepted when it ordered him to register as a sex offender under Penal Code section 290, subdivision (a)(2)(E).[1] We agree the court failed to abide by the terms of the plea agreement. However, we do not consider appellant's suggested remedy appropriate in this case. Rather than striking the registration requirement, we reverse and remand for resentencing.

## BACKGROUND

Appellant was charged by complaint with the following nine felony counts: (1) first degree burglary of Mildred G.'s residence, with intent to commit larceny; (2) first degree burglary of Carol R.'s residence, with intent to commit larceny; (3) first degree burglary of Florence G.'s residence, with intent to commit larceny; (4) first degree burglary of William J.'s residence,

---

[1] Further statutory references are to the Penal Code.

Section 290, subdivision (a)(2)(E), added in 1994, extends the registration requirement to "[a]ny person ordered by any court to register pursuant to this section for any offense not included specifically in this section if the court finds at the time of conviction that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." (Stats. 1994, ch. 867, § 2.7.)

with intent to commit larceny; (5) first degree burglary of Carol R.'s residence on a later occasion than the burglary in count 2, again with intent to commit larceny; (6) assault of Mildred G. with intent to commit rape, on the same date as the burglary in count 1; (7) assault of Florence G. with intent to commit rape, on the same date as the burglary in count 3; (8) attempted rape of Mildred G., on the same date as the burglary in count 1 and the assault in count 6; (9) attempted rape of Florence G., on the same date as the burglary in count 3 and the assault in count 7.

Counts 6 and 7 included allegations that the charged offenses were serious felonies within the scope of section 1192.7, subdivision (c)(10). Counts 6 and 7 also included the following notice: "Conviction of this offense will require you to register pursuant to Penal Code section 290. Willful failure to register is a crime." Special allegations following the enumerated counts charged that Mildred G., Florence G., and William J. were 65 years of age or older, as appellant knew or should have known, bringing the offenses against those victims within the sentence enhancement provisions of section 667.9, subdivisions (a) and (c)(9).

On the date set for the preliminary hearing, defense counsel and the prosecutor advised the court of a plea bargain, as follows:

"[DEFENSE COUNSEL]: Your Honor, we have a disposition in this matter, and it is as follows. Mr. Olea would be changing his plea to guilty to Count[s] One, Three, Four, and Five of Complaint C-23486. Each of those being a burglary in the first degree, residential burglary, a violation of 459/460(a) on the dates and at the locations specified in each of those counts. The remaining charges and special allegations would be dismissed. And the maximum total prison term that could be imposed would be ten years. There are no promises as to sentencing.

"THE COURT: Is that the disposition?

"[THE PROSECUTOR]: Yes, it is, your Honor. Just the additional caveat I have discussed with [defense counsel] and we are agreed that although the remaining counts and special allegations are being dismissed, they are transactionally related to the charges that are being plead [sic] to and can be considered by the sentencing Judge.

"[DEFENSE COUNSEL]: That's correct, your Honor. The law not only permits but requires the sentencing Judge to have a grasp of the facts surrounding the offenses. We have no problem with that."

The court proceeded to advise appellant of the constitutional rights he was giving up as a result of his plea. The court also told appellant he could expect up to three years of parole following a sentence of up to ten years, he could be liable for a restitution fine of up to $10,000, he would be prohibited from possessing firearms, he could be deported, and his right to become a citizen might be affected. Appellant pleaded guilty to counts 1, 3, 4, and 5, and answered "Yes" when the court asked "did you in fact enter those premises with the intent to commit thefts on the dates in question?" The court dismissed the remaining counts and special allegations "in exchange for the plea." There was no mention of sex offender registration. Nor did the court inform appellant, as required by section 1192.5, that its approval of his plea was not binding and might be withdrawn at the sentencing hearing, in which case appellant would be permitted to withdraw his plea if he so desired.[2]

The probation report recommended the maximum term of 10 years, a restitution fine, and sex offender registration under section 290, subdivision (a)(2)(E). The following facts underlying the counts admitted by appellant were before the sentencing court, including some details not disclosed by the probation report but provided by the prosecutor at the hearing. In the Mildred G. burglary, the victim awoke to find appellant on top of her, tearing at her adult diaper and attempting to spread her legs. She called for her son, although he did not live with her, and appellant fled. Her purse, wallet, jewelry box, and dresser drawers had been disturbed and money was missing. The police found paper napkins and human feces in the backyard, and the same kind of napkins inside the residence. In the Florence G. burglary, the victim was awakened by appellant, and engaged him in conversation. She went into the bathroom, from where she saw appellant begin to masturbate. She walked past appellant, pushing him away when he tried to grab her, and went to a neighbor's to call the police. Money, a coin purse, and a videocassette recorder were taken, and the police found human feces in the backyard. In the William J. burglary, the victim was awakened by a noise in the middle of the night but went back to sleep. In the morning he found his wallet missing, and saw that his television and stereo were disconnected and moved away from the wall. In the Carol R. burglary, the victim came home to discover that food and bottles of wine and vodka were missing, and her nightgown and panties had been moved and apparently urinated or ejaculated on. Later, she found that a picture of her grandmother and items near it had also been stained by urine.

---

[2]"If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw his or her plea if he or she desires to do so." (§ 1192.5.)

Near the beginning of the sentencing hearing, the court announced its tentative agreement with the probation officer's finding that the burglary of Mildred G. was sexually motivated. Defense counsel objected that appellant had only pleaded guilty to burglary with larcenous intent, although he understood the sentencing court could consider the surrounding circumstances. Again, just before the court pronounced sentence, defense counsel objected to the requirement of sex offender registration. The court imposed a 10-year sentence and also ordered appellant to register as a sex offender, finding that he had committed the burglaries in counts 1, 3, and 5 as a result of sexual compulsion and for purposes of sexual gratification.

## DISCUSSION

■ Appellant contends the requirement that he register as a sex offender exceeded the terms of his plea bargain and therefore must be stricken. He points out the complaint did not notify him that conviction on the burglary charges would subject him to the registration requirement, nor was he so notified at the plea hearing. ■ Appellant relies on *People* v. *Walker* (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902, 819 P.2d 861], in which our Supreme Court stated: "When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement. The punishment may not significantly exceed that which the parties agreed upon." (*Id.* at p. 1024.)[3]

Furthermore, "violation of a plea bargain is not subject to harmless error analysis. A court may not impose punishment significantly greater than that bargained for by finding the defendant would have agreed to the greater punishment had it been made a part of the plea offer. 'Because a court can only speculate why a defendant would negotiate for a particular term of a bargain, implementation should not be contingent on others' assessment of the value of the term to defendant. [¶] . . . [¶] Moreover, the concept of harmless error only addresses whether the defendant is prejudiced by the error. However, in the context of a broken plea agreement, there is more at stake than the liberty of the defendant or the length of his term. "At stake is the honor of the government[,] public confidence in the fair administration of justice, and the efficient administration of justice . . . ." ' " (54 Cal.3d at p. 1026, quoting *People* v. *Mancheno* (1982) 32 Cal.3d 855, 865-866 [187

---

[3]Section 1192.5 similarly provides: "Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, [unless the court withdraws its approval and gives the defendant the option of withdrawing the plea], cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea."

Cal.Rptr. 441, 654 P.2d 211], and *United States* v. *Carter* (4th Cir. 1972) 454 F.2d 426, 428 (in bank); accord, *In re Moser* (1993) 6 Cal.4th 342, 353-354 [24 Cal.Rptr.2d 723, 862 P.2d 723].)

 Appellant acknowledges that in *People* v. *McClellan* (1993) 6 Cal.4th 367 [24 Cal.Rptr.2d 739, 862 P.2d 739], the Supreme Court held the sex offender registration requirement is not a permissible subject of plea agreement negotiation when registration is a statutorily mandated element of punishment for the underlying offense. Therefore, the *McClellan* court decided the defendant's plea bargain, in which he admitted assault with intent to commit rape, was not violated by imposition of the registration requirement even though the trial court had erroneously failed to advise him of the requirement at the change of plea hearing. (*Id.* at pp. 379-381.) Appellant argues, however, that unlike the defendant in *McClellan* he pleaded guilty to offenses that are not subject to the mandatory registration requirement in section 290. Appellant contends the sentencing court was required to exercise its discretion in examining the underlying facts to determine whether his offenses were committed "as a result of sexual compulsion or for purposes of sexual gratification," under section 290, subdivision (a)(2)(E). Appellant does not dispute that he might be a proper candidate for registration in light of the nature of his crimes. Nevertheless, he insists that because sex offender registration is not an automatic consequence of his burglary convictions it could not be required of him without violating the terms of his plea bargain.

The Attorney General contends the sex offender registration requirement is an insignificant deviation from the terms of appellant's plea agreement, so the agreement was not violated under the rule stated in *People* v. *Walker*, *supra*, 54 Cal.3d at page 1024 (insignificant conditions may be imposed even if not included in plea negotiations).[4] This argument must be rejected. If the Supreme Court considered sex offender registration an insignificant form of punishment, it would not have based its holding in *McClellan* on the mandatory nature of the requirement. Nor would it characterize the requirement as a "grave and direct consequence of [the defendant's] guilty plea." (*In re Birch* (1973) 10 Cal.3d 314, 322 [110 Cal.Rptr. 212, 515 P.2d 12], quoted with approval in *People* v. *McClellan, supra,* 6 Cal.4th at p. 376.) As appellant points out, the requirement imposes a lifelong obligation to register

---

[4]The Attorney General concedes it was error for the trial court not to advise appellant of the registration requirement. However, appellant raises no issue concerning the advisements he received when he entered his pleas. He contends only that the terms of his plea bargain were not honored by the sentencing court. As our Supreme Court has repeatedly pointed out, advisement error and broken plea bargains are related but distinct violations of defendants' rights, which have substantially different consequences and must be analyzed separately. (*People* v. *Walker, supra,* 54 Cal.3d at pp. 1019-1020; *In re Moser, supra,* 6 Cal.4th at pp. 350-351; *People* v. *McClellan, supra,* 6 Cal.4th at p. 375.)

with local law enforcement authorities annually and upon any change of residence, and his willful failure to comply would be a felony. (§ 290, subds. (a)(1) and (g)(3).)

The Attorney General also seeks to distinguish this case from *Walker*, in which the court held that a plea agreement was violated by the imposition of a substantial restitution fine not mentioned in the agreement. The Attorney General notes that *McClellan* viewed the *Walker* holding as resting on an implicit finding "that the defendant in that case reasonably could have understood the negotiated plea agreement to signify that no substantial fine would be imposed." (*People* v. *McClellan, supra*, 6 Cal.4th at p. 380.) Here, according to the Attorney General, appellant could not reasonably believe there would be no sex offender registration requirement. He did not obtain a promise to that effect, and he stipulated that the sentencing court could consider the facts underlying the dismissed sex offense charges. Therefore, he received the benefit of his bargain and has no basis for complaining about being required to register.

We cannot agree with this line of argument either. In view of the express notification in the complaint that conviction of the offenses alleged in counts 6 and 7 would require sex offender registration, appellant could reasonably believe that dismissal of those counts would eliminate the basis for registration. When he entered his plea, the court inquired only about his intent to commit theft, not about sexual compulsion or gratification. While appellant agreed the sex offenses were transactionally related to the thefts and could be considered for sentencing purposes, the record reflects his counsel's belief that such consideration would be directed to the degree of punishment to be imposed within the range contemplated by the plea bargain, not to the imposition of an entirely different element of punishment. (See *People* v. *Harvey* (1979) 25 Cal.3d 754, 758 [159 Cal.Rptr. 696, 602 P.2d 396].) Counsel objected immediately when the sentencing court broached the subject of sex offender registration under section 290, subdivision (a)(2)(E). Under the circumstances of this case, counsel's view of the agreement was not unreasonable, nor would it be unreasonable for appellant to expect that one of the benefits of his plea bargain was avoiding the necessity of registering as a sex offender.

In *McClellan*, the court emphasized that the defendant could not escape the registration requirement after pleading guilty to an offense specified in section 290; neither the court nor the prosecution was authorized to alter the statutory mandate. The *McClellan* court also reasoned that because the registration requirement was "an inherent incident of defendant's decision to

plead guilty," it could not be considered an additional punishment imposed after the plea bargain was reached. (*People* v. *McClellan, supra,* 6 Cal.4th at p. 380.) The situation is quite different in the case before us. The prosecution did have the authority to dismiss the sex offense charges as part of a plea bargain, subject to court approval.[5] (See, e.g., *People* v. *Orin* (1975) 13 Cal.3d 937, 942-943 [120 Cal.Rptr. 65, 533 P.2d 193].) And the registration requirement was not an inherent incident of appellant's plea of guilty to the burglary charges; it was added later by the sentencing court based on its view of the underlying facts.

Accordingly, we conclude the sentencing court violated appellant's due process rights when it imposed the registration requirement in violation of the plea agreement. ■ "[V]iolation of the bargain by an officer of the state raises a constitutional right to some remedy. [Citations.] [¶] The goal in providing a remedy for breach of the bargain is to redress the harm caused by the violation without prejudicing either party or curtailing the normal sentencing discretion of the trial judge. The remedy chosen will vary depending on the circumstances of each case. Factors to be considered include who broke the bargain and whether the violation was deliberate or inadvertent, whether circumstances have changed between entry of the plea and the time of sentencing, and whether additional information has been obtained that, if not considered, would constrain the court to a disposition that it determines to be inappropriate. Due process does not compel that a particular remedy be applied in all cases. [Citation.]" (*People* v. *Mancheno, supra,* 32 Cal.3d at p. 860.)

■ Appellant contends the appropriate remedy in this case is to grant him specific performance of the plea bargain by striking the registration requirement. ■ "California courts, however, generally disfavor the remedy of specific enforcement of a failed plea bargain when 'specifically enforcing the bargain [will limit] the judge's sentencing discretion in light of the development of additional information or changed circumstances between acceptance of the plea and sentencing.' [Citations.] [¶] Specific enforcement of a failed plea bargain is not a remedy required by the federal Constitution. [Citation.]" (*In re Alvernaz* (1992) 2 Cal.4th 924, 942 [8 Cal.Rptr.2d 713, 830 P.2d 747], quoting *People* v. *Mancheno, supra,* 32 Cal.3d at p. 861; see also *People* v. *Calloway* (1981) 29 Cal.3d 666, 672 [175 Cal.Rptr. 596, 631 P.2d 30] [defendant sentenced in violation of plea bargain was not entitled to specific performance; fairness demanded only that he be given opportunity to withdraw his plea].) ■ Here, the sentencing court

---

[5]Because appellant was charged by complaint filed in municipal court, the restrictions on plea bargaining imposed by section 1192.7, subdivision (a) did not apply.

clearly found the punishment proposed by the plea bargain insufficient in light of the details of appellant's burglaries provided in the probation report and at the sentencing hearing. The court's determination that appellant should have to register as a sex offender was eminently within its discretion; its error was in imposing the requirement without offering appellant a chance to withdraw his plea, as mandated by section 1192.5. In such a case, ". . . the proper remedy is to return the proceedings to the point at which the court erred and reroute them to the appropriate track." (*People* v. *Mikhail* (1993) 13 Cal.App.4th 846, 858 [16 Cal.Rptr.2d 641] [reversing with directions to reinstate guilty plea and sentence defendant under terms of unconditional plea agreement, under "very special" circumstances involving no changes between plea and sentencing].)

We note that under section 290, subdivision (a)(2)(E), the time for determining whether an offense to which a defendant pleads guilty qualifies him for registration is not at sentencing but when the plea is entered. The statute provides for registration "if the court finds *at the time of conviction* that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification."[6] (Italics added.) A guilty plea "is itself a conviction." (*People* v. *Chadd* (1981) 28 Cal.3d 739, 748 [170 Cal.Rptr. 798, 621 P.2d 837], quoting *Boykin* v. *Alabama* (1969) 395 U.S. 238, 242 [89 S.Ct. 1709, 1711-1712, 23 L.Ed.2d 274]; *People* v. *Harris* (1987) 191 Cal.App.3d 819, 824 [236 Cal.Rptr. 680]; see also *People* v. *Jones* (1995) 33 Cal.App.4th 1087, 1093-1094 [39 Cal.Rptr.2d 530]; 4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 2139, pp. 2507-2508; compare *Boyll* v. *State Personnel Board* (1983) 146 Cal.App.3d 1070, 1073-1074 [194 Cal.Rptr. 717] [for purposes of civil disabilities flowing from felony conviction, "conviction" includes both guilty plea and judgment entered on plea].) Thus, if appellant refuses to withdraw his guilty plea, the sentencing court cannot properly impose the registration requirement. It may, however, exercise its inherent authority to set aside the plea on its own initiative. (See *People* v. *Thomas* (1994) 25 Cal.App.4th 921, 925-926 [31 Cal.Rptr.2d 170].) In that event, ". . . the plea shall be deemed withdrawn and the defendant may then enter the plea or pleas as would otherwise have been available." (§ 1192.5.)

### DISPOSITION

The judgment is reversed and the matter is remanded for resentencing. If the superior court considers the punishment contemplated by the plea bargain inadequate, the court is directed to offer appellant the option of

---

[6]The circumstances of this case suggest the desirability of amending the statute to refer to the time of sentencing instead of the time of conviction.

withdrawing his guilty pleas or accepting the registration requirement as a new term of the plea agreement. Alternatively, the court may set the pleas aside, reinstate the dismissed charges, and proceed accordingly.

Corrigan, Acting P. J., and Walker, J., concurred.