Filed 12/13/13  P. v. Meraz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C073293 |
| Plaintiff and Respondent, | (Super. Ct. No. 12NCR09460) |
| v. | |
| ARTEMIO HERNANDEZ MERAZ, | |
| Defendant and Appellant. | |

Defendant Artemio Hernandez Meraz pled guilty to stalking with a prior stalking conviction.  In exchange, eight related counts and a companion case were dismissed. Defendant was sentenced to prison for five years.  The trial court imposed mandatory sex offender registration pursuant to Penal Code section 290.  (Pen. Code,[1] § 290, subd. (b).)

---

[1]  Undesignated statutory references are to the Penal Code.

1

The trial court also issued a lifetime criminal protective order for the victim and her children.

Defendant contends, and the People concede, sex offender registration is not mandatory because the stalking offense is not one of the triggering offenses in section 290, subdivision (c). The parties agree that the trial court has discretion to order registration following a conviction of that offense (§ 646.9, subd. (d)), "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration." (§ 290.006.) The parties further agree that a discretionary registration order would violate the plea agreement, and that defendant must be offered the chance to withdraw his plea should the trial court find discretionary registration appropriate.

Defendant contends, and the People concede, the trial court's lifetime protective order is unauthorized by statute or the court's inherent authority. The parties agree that, on remand, the trial court should exercise its discretion as to the length of any protective order. We remand.

## FACTS

Victim E. B. began dating defendant in April 2011, and they commenced a sexual relationship that lasted until September 2011. In July 2012, E. B. moved to Orland. Defendant occasionally appeared at her residence, and she informed him that she wanted only to be friends. Defendant's behavior became increasingly erratic and aggressive. He would cause disturbances outside E. B.'s residence until she would relent and allow him inside. On two occasions, defendant told E. B. that he wanted to have sexual intercourse. When she tired of arguing with him, she acquiesced to intercourse and digital penetration of her vagina.

On August 15, 2012, defendant appeared at E. B.'s residence, claimed to be suicidal, and was allowed inside. After E. B. refused defendant's demands for

intercourse, he forcefully pinned her down on the bed, hit the left side of her jaw, and then pulled off her shorts, placed his fingers in her vagina, and engaged in sexual intercourse. At one point defendant tied rope to E. B.'s wrist and to his neck and told E. B. that he wanted her to choke him. E. B. resisted defendant's actions and attempted to punch, scratch, and kick defendant to get him off of her.

On September 2, 2012, while E. B. was in the bathtub conversing on the telephone, defendant entered her residence without permission and walked into the bathroom. He angrily confronted her, calling her a slut; grabbed her telephone and took it apart; and then physically fought with her for possession of the telephone. Defendant made E. B. delete photographs from her telephone and then engaged in digital penetration and sexual intercourse with her. She did not report the incident because defendant had threatened to kill himself at her residence "so her two small children would see him."

On September 8, 2012, E. B. telephoned her cousin and asked if she could go to his house. She explained that she feared for her safety. While at his residence, E. B. told her cousin what defendant had done to her. Believing that defendant had followed her to the cousin's residence, she asked the cousin to check whether defendant was outside. The cousin went out and found defendant hiding in a nearby ditch. The two men fought, and the cousin chased defendant away. The next day, E. B. found harassing text messages that had been sent by defendant.

E. B. contacted Orland police officers and reported that defendant, her ex-boyfriend, had physically and sexually assaulted her. E. B.'s parents reported that on past occasions they had witnessed defendant lurking near E. B.'s residence in the early hours of the morning.

3

DISCUSSION

I

*Sex Offender Registration*

Defendant contends, and the People acknowledge, the matter must be remanded for further proceedings because sex offender registration is not mandatory but may be imposed in an exercise of the trial court's discretion. We agree.

In January 2013, defendant pled guilty to the stalking charge with the understanding that eight remaining counts and a companion case would be dismissed. Five of the dismissed counts were alleged to be subject to mandatory lifetime sex offender registration. On the written plea form, under the heading "Consequences of my Plea," the paragraph entitled "Registration" was crossed out and defendant did not initial the box for that paragraph. The oral plea proceedings did not include any discussion of sex offender registration. In fact, defendant's counsel described the sex crime counts being dismissed in exchange for the plea as "absolute fabrications." The prosecutor objected to that description but did not elaborate. The trial court set bail over the prosecutor's objection. Defendant did not enter a *Harvey*[2] waiver allowing consideration of the dismissed counts at sentencing.[3]

At sentencing in February 2013, defendant's counsel argued that evidence the prosecution had furnished to the defense "proved [defendant] did not sexually assault the victim in this matter. He pled to the stalking allegation . . . ." The probation officer

---

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

[3]     The plea form advised defendant that the trial court could refuse to accept the plea agreement "if the court discovers new facts." Defendant was not advised, in the language of section 1192.5, that the court could "withdraw its approval in the light of further consideration of the matter."

4

added that "[a] lot of what [defense counsel] said is true. There's just a lot of unknowns about his intent on stalking."

In response to these remarks, the trial court stated: "And in this case yeah, there might be disputes about what the sexual conduct was between [defendant] and the victim in this case, but there's no dispute that there was stalking, because that's what was pled to. There was a stipulated -- I mean, there was a factual basis stated on the record."[4]

Following these remarks, the trial court imposed a sexual offender registration requirement pursuant to section 290.

Section 290 requires mandatory lifetime sex offender registration for defendants convicted of specified offenses. (§ 290, subd. (c).) Stalking under section 646.9 is not one of those offenses. Thus, the mandatory registration is unauthorized by statute and must be stricken notwithstanding the lack of contemporaneous objection. (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

However, the stalking statute (§ 646.9, subd. (d)) gives the trial court discretion to "order a person convicted of a felony under this section to register as a sex offender pursuant to Section 290.006." The latter provision states that a person ordered to register for an offense not listed in section 290, subdivision (c), shall so register, "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration." (§ 290.006.)

To require registration under section 290.006, "the trial court must engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these

---

**4** In fact, defendant stipulated that the probation report would provide a factual basis for the plea.

findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender.  By requiring a separate statement of reasons for requiring registration even if the trial court finds the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, the statute gives the trial court discretion to weigh the reasons for and against registration in each particular case." (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1197.)

Because a discretionary registration order would violate the plea agreement, defendant must be offered the chance to withdraw his plea should the trial court find discretionary registration appropriate.  (*People v. Walker* (1991) 54 Cal.3d 1013, 1024, overruled on other grounds in *People v. Villalobos* (2012) 54 Cal.4th 177, 183; *People v. Olea* (1997) 59 Cal.App.4th 1289, 1294, 1299.)

II

*Lifetime Protective Order*

Defendant contends, and the People concede, the lifetime criminal protective order is unauthorized and must be stricken.  The parties agree that, on remand, the trial court must exercise its discretion whether to issue an order and, if an order is issued, its duration.  At sentencing, the probation officer requested a criminal protective order for life.  Pursuant to section 646.9, subdivision (k), the trial court issued a lifetime protective order prohibiting contact with E. B. and her children.  Although the second page of the protective order form states that orders under section 646.9 are valid for up to 10 years, the first page of the order contains a typewritten notation that the "Criminal Protective Order is issued for **LIFE**."

Section 646.9, subdivision (k)(1) provides in relevant part that "[t]he sentencing court also shall consider issuing an order restraining the defendant from any contact with the victim, that may be valid for up to 10 years, as determined by the court.  It is the intent of the Legislature that the length of any restraining order be based upon the

6

seriousness of the facts before the court, the probability of future violations, and the safety of the victim and his or her immediate family."

While the trial court was statutorily authorized to issue a protective order, it was not authorized to exceed the 10-year limit and thus was not authorized to make the order effective for life. The lifetime order may be corrected on appeal notwithstanding defendant's failure to assert the matter in the trial court. (*People v. Scott, supra*, 9 Cal.4th at p. 354; *People v. Ponce* (2009) 173 Cal.App.4th 378, 381-382.)

On remand, the trial court shall exercise its discretion as to the duration, if any, of a criminal protective order under section 646.9, subdivision (k), applying the factors specified by the Legislature.

## DISPOSITION

The lifetime criminal protective order and the mandatory sex offender registration orders are reversed. The matter is remanded to the trial court to consider in its discretion the proper duration of a criminal protective order and whether to require sex offender registration. If the court elects in its discretion to require sex offender registration, it shall allow defendant an opportunity to withdraw his plea.


      ROBIE      , Acting P. J.


We concur:


      BUTZ      , J.


      HOCH      , J.