Filed 3/25/16  P. v. Volosin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C079102 |
| Plaintiff and Respondent, | (Super. Ct. No. S13CRF0188) |
| v. | |
| SKY LANCE VOLOSIN, | |
| Defendant and Appellant. | |

Defendant Sky Lance Volosin pled no contest to three counts of unlawful sexual intercourse with a minor more than three years younger.  At sentencing, the trial court ordered him to register as a sex offender.  Defendant now challenges that order, arguing: (1) the trial court applied the wrong standard in finding the offense was committed "for purposes of sexual gratification"; (2) the evidence did not support a finding that lifetime registration was necessary; and (3) the court was unaware of its discretion to order registration for only the duration of probation.  Though we find no merit in plaintiff's first two contentions, defendant is correct -- and the People concede -- that remand is required because the court did not understand its discretion to order registration for the duration of probation.

1

BACKGROUND

Defendant was 26 when he began a year-long relationship with the 16-year-old victim. During the relationship, they had sex many times, and the victim became pregnant. They had planned to marry, but the victim ended the relationship after she met someone else and was no longer happy with defendant. Defendant later pled no contest to three counts of unlawful sexual intercourse. (Pen. Code,[1] § 261.5, subd. (c).)

Following the plea, a probation report was prepared and two court-ordered experts testified to defendant's likelihood of reoffending. The experts' opinions were that defendant's risk of reoffending was low. Both testified that the offenses were related to an emotional relationship and were not solely or primarily for sexual gratification. They defined "sexual gratification" as for one's own "self-interest, not for the purpose of having a relationship with another person . . ." and "engaging in the relationship or the behavior . . . from an objectification perspective rather than a relationship."

On cross-examination of the experts, the prosecution brought up that defendant, after being charged in this case, was in the company of another minor, a 17-year-old female, who described herself as defendant's best friend.

In the probation report, the victim reported that defendant was her stepfather's cousin. Her stepfather had sexually assaulted her for nearly 10 years. She confided in defendant about the abuse and her resulting depression. While defendant was her confidant -- and before any relationship had begun -- she went to defendant's home and drank alcohol with him, his sister, and several of his friends. She fell asleep and awoke to find defendant having sex with her. She told him it was wrong, and defendant apologized. She became pregnant from the incident and began a relationship with defendant in order to raise the child together. The victim also reported that defendant

---

[1]     Undesignated statutory references are to the Penal Code.

2

was in a relationship with another 17-year-old girl and was concerned defendant would victimize other girls.

The court sentenced defendant to five years' probation and 180 days in jail.

The court also ordered sex offender registration, exercising its discretion under section 290.006. The court stated its findings that the offenses were committed for purposes of sexual gratification, "although not the only purpose or not the primary purpose, one of the purposes of initiating the offense . . . was for sexual gratification." The court also found defendant at high risk of committing another offense with a minor, based on "his social and intellectual maturity and his pattern of making inappropriate choices." The court added, "nothing that I heard from [the experts] . . . changes my opinion about that."

At sentencing, both the court and defense counsel entertained limiting sex offender registration to the duration of probation. But the court concluded that was not within its power: "I don't know if I can legally do that."

## DISCUSSION

### I

*The Court Used The Proper Standard In Finding The*

*Offenses Were Committed For Sexual Gratification*

Defendant first contends the trial court employed the wrong standard in determining his offenses were committed for purposes of sexual gratification. He reasons that the court found that sexual gratification was only "one of the purposes of initiating the offense." He argues sexual gratification must be the primary purpose. Otherwise, "any mutual emotional relationship that involves a sexual relationship that is enjoyed by the participants would make them eligible for registration pursuant to section 290.006 if any crime was committed that could be at all connected with the relationship, e.g., theft or embezzlement to pay for a trip together." He adds that section 290.006 requires the

3

offense be committed "*for the purpose* of sexual gratification" -- not "in part for sexual gratification." We reject this contention.

Certain offenses are subject to mandatory sex offender registration (unlawful sexual intercourse, § 261.5, is not included). (§ 290, subd. (c).) But under section 290.006, a court may order registration for any offense if it finds the defendant "committed the offense as a result of sexual compulsion or for purposes of sexual gratification." The court must also state on the record the reasons for its findings and the reasons for requiring registration. (*Ibid.*) "By requiring a separate statement of reasons for requiring registration even if the trial court finds the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, the statute gives the trial court discretion to weigh the reasons for and against registration in each particular case." (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1197, overruled on other grounds by *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888, referencing prior statute.)

Here, the trial court's exercise of discretion comported with section 290.006's requirements. Defendant offers no authority to support his assertion that sexual gratification must be the offense's primary purpose. If sexual gratification is a clear purpose in committing the underlying offense and the court finds sufficient reasons to require registration, we see no reason why sexual gratification must be the primary reason -- particularly because sexually motivated offenses may encompass competing objectives. (See, e.g., *People v. Olea* (1997) 59 Cal.App.4th 1289, 1294 [the defendant committed a series of sexually motivated burglaries].) And defendant's proffered scenario gives us no reason to find error here where the offense is unlawful sexual intercourse.

II

*Substantial Evidence Supports The Trial Court's*

*Finding That Defendant Was At High Risk Of Reoffending*

Defendant next contends the evidence did not support the trial court's finding that he was at high risk of reoffending. He reasons that both experts were of the opinion that

he was at low risk, both testified that he fully understood the consequence of having a sexual relationship with a minor, and nothing supported a contrary view. Defendant is mistaken.

Substantial evidence supported the trial court's finding that defendant was "at high risk of committing another offense with a minor under the age of 18 because of his social and intellectual maturity and pattern of making inappropriate choices." Post charge, defendant had maintained a relationship with a 17-year-old female, who described herself as his best friend. The victim also expressed concern that defendant would victimize other girls. And the probation report reflected that the victim became pregnant not from a consensual encounter with defendant, but because defendant had sex with her while she was asleep -- before any relationship had begun, and while the victim had been confiding in defendant her sexual abuse by defendant's cousin. Moreover, while both experts considered defendant at low risk, the court was not required to accept that conclusion. (See *People v. Utter* (1972) 24 Cal.App.3d 535, 552 [trier of fact determines credibility of experts and validly of information that an opinion is based on].)

Thus, substantial evidence supported the trial court's finding.

III

*Remand Is Required Because The Trial Court*

*Did Not Understand Its Scope Of Discretion*

Defendant finally contends remand is required because the trial court did not know it could order registration for the period of probation. The People concede the point, and we agree.

Both parties cite *People v. King* (2007) 151 Cal.App.4th 1304, 1308, where the trial court imposed a probation condition that King register as a sex offender during probation. King later failed to register an address change and was convicted under former section 290, subdivision (a)(2)(E). (*King*, at. p. 1306.) King appealed, arguing that he could not be convicted under section 290 because he had not been ordered to

5

register under that section. (*King*, at p. 1308.) Rather, his registration requirement was simply a condition of probation. (*Ibid*.) The court agreed. (*Ibid*.) Because the court had ordered registration under its authority to impose conditions of probation that foster rehabilitation and protect the public and the victim, King's failure to register did not give rise to a section 290 violation. (*King*, at p. 1309.)

Here, as in *King*, the trial court could have ordered registration as a probation condition. It did not, believing it lacked authority to do so. Because the court did not fully understand the scope of its authority, we will strike the registration requirement and remand to allow the court to consider its options. The court may reimpose lifetime registration under section 290.006 or it may order limited registration as a probation condition.

DISPOSITION

We strike the order imposing section 290.006 registration and remand for the trial court to determine whether registration for the period of probation is appropriate.


/s/
Robie, J.



We concur:



/s/
Nicholson, Acting P. J.



/s/
Renner, J.

6