588 S.E.2d 677

**STATE of West Virginia Plaintiff Below, Appellee,**

v.

**Dale Scott WHALEN, Defendant Below, Appellant.**

No. 31244.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 2003.

Decided Nov. 21, 2003.

**300**

Darrell V. McGraw, Jr., Attorney General, John A. Hoyer, Assistant Attorney General, Charleston, for Appellee.

Marla Zélene Harman, Esq., Franklin, for Appellant.

STARCHER, C.J.

In the instant case, we remand a case to the Circuit Court of Hardy County with instructions to allow a defendant to withdraw a guilty plea if he so wishes; if he does not, he is required to register as a sex offender.

## I.

### Facts & Background

The appellant, Dale Scott Whalen, was arrested on December 6, 2001, and charged with the offenses of burglary, petit larceny, and indecent exposure. He entered into a plea agreement whereby he would plead guilty to burglary, and the prosecution would drop the other charges and would recommend a sixty-day evaluation and a sentence of penitentiary incarceration.

The Circuit Court of Hardy County accepted the plea agreement and the appellant's plea and ordered the evaluation. Upon completion of the evaluation, a sentencing hearing was held on July 10, 2002. At this hearing, the appellant's motion for probation was denied and he was sentenced to one to fifteen years in prison. Additionally, the circuit court, *sua sponte*, pursuant to the provisions of *W.Va.Code*, 15–12–2(b) [2001], found that the crime to which the appellant had pled guilty was "sexually motivated" and ordered the appellant to register as a sex offender.

The appellant appeals the circuit court's "sexual motivation" finding and the consequent sex offender registration requirement, and asks this Court to strike that portion of his sentence. Further facts regarding the case are presented in our discussion *infra*.

## II.

### Standard of Review

The issues raised in this appeal are matters of law that we address *de novo*.

## III.

### Discussion

*W.Va.Code*, 15–12–1 [2001] *et. seq.*, the Sex Offender Registration Act ("the Act") requires *inter alia* that persons convicted (or found not guilty due to mental illness, mental retardation, or addiction) of certain specified statutory "sex offenses" (that is, criminal offenses that have an element that is explicitly sexual,[1] like sexual assault and sexual abuse, as specified at *W.Va.Code*, 15–2–2(b) [2001] ), must, as convicted sex offenders, comply with certain registration requirements. *Id.*[2]

Additionally, the Act also provides that the Act's sex offender registration requirements shall be applied to persons who are convicted of criminal offenses that are *not* specifically identified in the Act—if the trial court finds that there was a "sexual motivation" for the offense. This provision of the Act states:

> (c) Any person who has been convicted of a criminal offense, and the sentencing judge made a written finding that the offense was *sexually motivated* shall also register as set forth in this article.

*W.Va.Code*, 15–12–2(c) [2001] (emphasis added).

1. *Cf. `People v. Bell*, —— Misc.2d ——, —— N.Y.S.2d ——, N.Y.Slip Op. 23663, 2003 WL 21649678, No. 3610–80, June 30, 2003 (Sup.Ct. 2003) (where specifically listed offense (kidnaping) does not in-and-of-itself contain a sexual component, constitutional due process and equal protection requires a defendant-specific finding of sexual motivation before sex offender registration may be required); *accord, Raines v. State*, 805 So.2d 999 (Fla.App. 4th Dist.2001). *See also State v. Barksdale*, 2003 Ohio 43, 2003 WL, 77115, No. 19294, Jan. 10, 2003 (automatic sex offender registration requirement for felon whose offense did not have a sexual element and where there was in fact no sexual motivation was unconstitutional as applied); *affirmed without opinion*, 99 Ohio St.3d 1549, 795 N.E.2d 686 (2003).

2. This Court held in *Hensler v. Cross*, 210 W.Va. 530, 558 S.E.2d 330 (2001) that the retroactive aspects of the Sex Offender Registration Act do not violate the constitutional prohibition against *ex post facto* laws, because the Act is a civil regulatory statute and not a criminal penalty statute.

3. The recent case of *Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) upheld Alaska's sex offender registration law against *ex*

\* \* \*

(j) For purposes of this article, the term "sexually motivated" means that one of the purposes for which a person committed the crime was for any person's sexual gratification.

The crime of which the appellant in the instant case was convicted, pursuant to his guilty plea—burglary, a violation of *W.Va. Code*, 61–3–11 [1993]—is not a sex offense that is enumerated in the Act.[3]

■ The appellant asserts that prior to the appellant's pleading guilty and being sentenced, neither the appellant nor his counsel were aware that the circuit court could or intended to make a finding that would classify the appellant as a "sex offender" and require him to register as such. The record contains no evidence showing that the appellant (or his counsel) had such an awareness.[4] On this basis, therefore, the appellant argues that he "got more than he bargained for," and he asks this Court to set aside the circuit court's finding and the consequent registration requirement.

*post facto* challenges on the premise that the state may make "reasonable categorical judgments that conviction of *specified crimes* should entail particular regulatory consequences." 538 U.S. at ——, 123 S.Ct. at 1153, 155 L.Ed.2d at 184 (emphasis added). However, the instant case presents a different scenario—the Act creates a mechanism for imposing "regulatory consequences" on persons who are convicted of *unspecified* crimes, if the sentencing court finds a "sexual motivation."

4. However, the State asserts (and the appellant does not dispute) that there was an overwhelming evidentiary basis in the record for the circuit court's finding that the burglary offense for which the appellant was convicted was "sexually motivated." Our review of the record confirms this. The evaluation of the appellant that was provided to the sentencing court shows that the appellant suffers from voyeuristic sexual compulsions. The admitted reason for his offense was the illegal entry of a house for the purposes of taking pictures of a girl. The appellant has a history of substance abuse and multiple misdemeanor arrests and convictions, which can be in large part directly traced to his sexual compulsion disorder. The appellant's attorney told the sentencing judge that the appellant needed treatment for his sexual compulsions.

■ Our research has identified several states where statutes like West Virginia's authorize a trial court (or a jury) to make a finding of sexual motivation in connection with a criminal conviction, with the result that a person who has been convicted of a criminal offense that is not specified in a statute must register as a sex offender.[5]

In all of the research that we have done regarding such statutes, there has been an advisement to the defendant of the possibility of such a "sexual motivation" finding, before a plea is accepted and entered. *See* C.G.S.A. 54–254 [2002] ); *State v. S.M.H.,* 76 Wash. App. 550, 887 P.2d 903 (a prosecutor must pursuant to R.C.W.A. 9.94A.835 [1999] file a special pre-trial allegation of sexual motivation for non-sex offenses).

In *State v. Patterson,* 25 Kan.App.2d 245, 963 P.2d 436 (1998), involving Kansas statute K.S.A. 22–4902 [2002] (that requires sex offender registration if at the time of conviction it is found beyond a reasonable doubt that an offense was sexually motivated), the prosecutor gave notice of intent to use the "sexual motivation" provision at a preliminary hearing. And in *U.S. v. Macias,* 53 M.J. 728 (U.S. Army Ct. of Criminal Appeals 1999), the court noted that Arizona statute A.R.S. 13–118 [1995] requires the prosecutor to file a special pre-trial allegation of sexual motivation.

In a recent case that is factually similar to the instant case, *People v. Olea,* 69 Cal. Rptr.2d 722, 59 Cal.App.4th 1289 (1997), the defendant, pursuant to a plea agreement, pled guilty to five counts of burglary with intent to commit larceny. As part of the plea agreement, the prosecution agreed to dismiss several specific "sex offense" charges, conviction of which would have automatically required sex offender registration. The trial court accepted the plea, and then ordered the defendant to register as a sex offender pursuant to Section 290(a)(3)E [1994] of the California Penal Code, which permits a judge at the time of sentencing or conviction to make a finding that a defendant committed an offense "as a result of sexual compulsion or for purposes of sexual gratification." *Id.*

The defendant in *Olea,* like the appellant in the instant case, appealed the trial court's sexual motivation finding and consequent registration requirement. The appellate court in *Olea* held that because the defendant was not on notice from the court or from the elements of the offenses to which he pled guilty that a sex offender registration requirement could or would be imposed, the defendant should be permitted to withdraw his plea, if he so wished.[6]

Our resolution of the instant case finds guidance in the longstanding jurisprudence of this Court calling on trial courts to engage in a searching colloquy to "determine whether the defendant knowingly and intelligently pleaded guilty . . . ." *Call v. McKenzie,* 159 W.Va. 191, 194, 220 S.E.2d 665, 669 (1975).

**5.** A number of jurisdictions have held that the failure by the court to advise a person who pleads guilty to a sexual offense that *is* specified in a sex offender registration statute does not provide grounds for allowing withdrawal of the plea. *See, e.g., State v. Timperley,* 599 N.W.2d 866 (S.D.1999); *People v. Montaine,* 7 P.3d 1065 (Colo.2000); *State v. Partlow,* 840 So.2d 1040 (Fla.2003). On the other hand, other jurisdictions either judicially or legislatively require pre-plea advisement in *all* sex offender registration cases. *See Whitehead v. State,* 985 P.2d 1019 (Alaska App. 1999) (Alaska Rules of Criminal Procedure require judges to advise defendants about sex offender registration before accepting a guilty plea to a sex offense). *Accord, Peterson v. State,* 988 P.2d 109 (Alaska App. 1999). *See also State v. Breiner,* 562 N.W.2d 565 (N.D.1997) (trial court must advise person pleading to sex offense of registration requirement), *overruled on other grounds, State v. Burr,* 598 N.W.2d 147 (N.D.1999). *See also Ducker v. State,* 45 S.W.3d 791 (Ct.App.2001) (Tex.Code of Criminal Procedure requires court before accepting guilty plea to advise defendant of sex offender registration requirement); *Shankle v. State,* 59 S.W.3d 756 (Ct.App.2001) (sex offender registration was a collateral and not direct consequence of guilty plea to a specific sexual offense; however, it is a serious consequence, and failure of trial court to follow statutory advisement directive entitled defendant to withdraw plea). We believe it is advisable for prosecutors, defense counsel, and judges to advise defendants who are charged with sex offenses of the provisions of the Act that may apply to their case.

**6.** *See also In Re Birch,* 10 Cal.3d 314, 515 P.2d 12, 110 Cal.Rptr. 212 (1973) (defendant could withdraw plea in part because he was not advised of sex offender registration consequences of plea to public urination offense).

As we stated more recently in *State v. Duke*, 200 W.Va. 356, 363, 489 S.E.2d 738, 745 (1997):

> "A guilty plea is a most serious waiver of a constitutional right—the right to a trial by jury, the privilege against compulsory self-incrimination and the right to confront accusers. It has been described as the most devastating waiver possible under our constitution." *State v. Barnett*, 161 W.Va. 6, 10, 240 S.E.2d 540, 542 (1977) (citations omitted). Because a criminal defendant's plea of guilty necessarily results in the waiver of certain constitutional rights, we have long held that the circuit court, before accepting such a plea, must conduct a very thorough inquiry as to the defendant's willingness so to plead and his/her *understanding of the consequences of entering such a plea.*[7]

(Emphasis added.)

■ Obviously, not every attenuated and indirect possible consequence of a guilty plea and criminal conviction must be affirmatively brought to a criminal defendant's attention in connection with a plea, and nothing in this opinion should be read to impose such a requirement.

On the other hand, as our previous discussion has shown, the best judgment of every court and/or legislative body that our research has identified is that when a criminal defendant may be convicted of an offense that is not facially a sexual offense that automatically carries a requirement of sex offender registration, the defendant should be advised of the possibility of any sexual motivation finding that may be found for said offense (and related registration requirements)—prior to any trial[8] or plea.

■ Therefore, we hold that in order for a sentencing judge to make a finding pursuant to *W.Va.Code*, 15–12–2(c) [2001] that a defendant who has been convicted of a crimi-nal offense that is not specifically identified in the Sex Offender Registration Act at *W.Va.Code*, 15–12–2(b) [2001]—after a trial or by means of a plea of guilty or *nolo contendere*—was "sexually motivated" in the commission of that offense, the defendant must have been advised prior to trial or the entry of a plea of the possibility of such a finding. Additionally, although the issue is not before us in the instant case, to guide circuit courts in the future, we hold that the evidentiary standard for a finding by the sentencing judge of "sexual motivation" pursuant to *W.Va.Code*, 15–12–2(c) [2001] is proof beyond a reasonable doubt, and a defendant must be given the opportunity to oppose and contest such a proposed finding with evidence and argument.[9]

■ Finally, we observe that the statutory definition of a "sexually motivated" offense—facially, any offense committed "for the purpose of any person's sexual gratification," *W.Va.Code*, 15–12–2(j) [2001]—could be read as susceptible to absurd results that could apply this definition to criminal conduct that is clearly outside the purpose of the Act—*e.g.*, stealing a car in order to drive a friend to have consensual sexual relations with their spouse. Therefore, for the same purpose of guiding the circuit courts, we hold that the statutory language defining "sexual motivation" at *W.Va.Code*, 15–12–2(j) [2001] must be read and applied strictly and narrowly to assure that an offense's gravity, dangerousness, and sexually illicit nature is comparable to that of the specific offenses that are identified in *W.Va.Code*, 15–12–2(b) [2001].

## IV.

### Conclusion

■ Applying the foregoing to the instant case, it is undisputed that the appellant had not been advised of the possibility of a "sexu-

---

7. In *Duke*, we required circuit courts to conduct a probation imposition inquiry to assure that the record reflects a defendant is aware *inter alia* of the consequences of a probation revocation.

8. The possibility of such a finding and registration requirements might substantially affect a defendant's trial strategy, as well as any decision to enter a plea.

9. This standard for proving a sexual motivation for non-specified offenses is consistent with the principle of equal protection of the laws, because the sexual elements of the statutorily specified offenses in *W.Va.Code*, 15–12–2(j) [2001] must be proven beyond a reasonable doubt.

al motivation" finding and a consequent duty to register as a sex offender, when he pled guilty to burglary. That possibility was therefore simply not part of what the appellant "bargained" for in pleading guilty. Following the reasoning of the *Olea* case, he must therefore be permitted to withdraw his plea if he wishes.

However, if the appellant does not wish to withdraw his plea, then, because the evidence was overwhelming that there was a substantial, dangerous, and illicit sexual motivation for the offense for which he was convicted, making the offense comparable in nature, dangerousness, and gravity to the offenses that are specified in the Act, the appellant's conviction and duty to register as a sex offender thereunder must be upheld.

Remanded with Directions.