## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 12-0704** (Wood County 10-F-18)

**Shirlene Louise Davis,**
**Defendant Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Shirlene Louise Davis, by counsel, Courtney L. Ahlborn, appeals the Circuit Court of Wood County's denial of petitioner's motion for reconsideration of denial of reconsideration of sentence and request for hearing on June 29, 2012. The State of West Virginia, by counsel, The Office of the Attorney General, filed its response. Petitioner seeks the reversal of the circuit court's order and her release from incarceration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in January of 2010 for one count of use of a minor in filming sexually explicit conduct in violation of West Virginia Code §61-8C-2(a) and one count of sexual abuse by a person of trust in violation of West Virginia Code §61-8D-5(a). On September 27, 2011, petitioner entered a plea of guilty to three misdemeanor charges, two counts of misdemeanor contributing to the delinquency of a minor and one count of obstructing an officer. She was sentenced for a period of one year, with a credit of twenty-nine days previously served on count one; for a period of incarceration for one year, with a credit of zero days on count two; and for a period of one year, with a credit of zero days on count three. All three sentences were to run consecutively. She was also ordered to register as a sex offender under West Virginia Code §§ 15-12-2(c) and 15-12-4(a)(2)(E).

Petitioner was evaluated by Dr. Bobby Miller to aid the circuit court in sentencing. Dr. Miller determined that petitioner was in the range of low to moderate risk category for reoffending. He also opined that she had "several disturbing sexual issues of interest." He noted that she accepted no responsibility for her part in the exploitation of her victims. He concluded that petitioner was not considered a sexually dangerous person and that it was not essential that she be a registered sexual offender. However, he stated that was "not to say . . . that she [was] not in need of treatment to reduce her risk of future recidivism." She was re-evaluated by Dr.

1

Miller after sentencing in order to determine a course of treatment. At that time, Dr. Miller viewed the video and prepared a supplemental report. He identified petitioner as having "deviant sexual arousal to [a]dolescent [f]emales," in addition to other sexual interests, including sexual arousal to adolescent males. He recommended that petitioner's future treatment "be sexual offender specific." He expressed concern that "she has sexual interests in adolescents that requires attention" and that it was likely "that her sexual behaviors would be dictated by a dominant male." She then filed a motion for reconsideration of sentence which was denied by the circuit court. Petitioner then filed a motion for reconsideration of denial of reconsideration of sentence and request for hearing which was also denied by the circuit court. That order was appealed to this Court.

Petitioner sets forth two assignments of error. First, she claims that the circuit court erred when it found petitioner's crimes were sexually motivated requiring her to register as a sex offender under West Virginia Code §§ 15-12-2(c) and 15-2-4(a)(2)(E). Petitioner contends that the circuit court did not make the proper findings when requiring petitioner to register as a sex offender for life. She argues that those findings are necessary, as the crimes to which she pled are not specifically mentioned in the Sex Offender Registry Act. She further argues that the offenses do not meet the gravity, dangerousness, and sexually illicit nature necessary to require her to register as a sex offender. In its order, the circuit court found that the offenses for which petitioner was convicted were sexually motivated and that she must register as a sex offender for life. The trial court then made the requisite written finding that petitioner's crimes were sexually motivated. After making those findings, the court allowed Dr. Miller to view the video and re-evaluate petitioner. Dr. Miller's findings included the finding that petitioner was a sexually deviant individual.

"'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 8, *State v. Sulick*, No. 11-0043, 2012 WL 602889 (W.Va. Feb. 23, 2012). "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus point 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *Id.* Further, "[t]he evidentiary standard for a finding of 'sexual motivation' pursuant to W.Va. Code, 15-12-2(c) [2001] is proof beyond a reasonable doubt, and a defendant must be given the opportunity to oppose and contest such a proposed finding with evidence and argument." Syl. Pt. 2, *State v. Whalen*, 214 W.Va. 299, 588 S.E.2d 677 (2003). The circuit court reviewed the video footage at issue, the information provided by Dr. Bobby Miller, and the record before it prior to finding that the crime to which petitioner pled guilty was sexually motivated. Petitioner also had the opportunity to present evidence and argument on that issue. Therefore, this Court finds that the circuit court did not abuse its discretion in the imposition of a sentence which included the requirement to register as a sexual offender for life.

Petitioner's second assignment of error is that her sentence was excessive and violated her right against cruel and unusual punishment. Petitioner argues that Article III, Section 5 of the West Virginia Constitution and the Eighth Amendment of the United States Constitution guarantee a criminal defendant the right against cruel and unusual punishment. She claims that those rights were violated by the sentence imposed by the circuit court. She claims her sentence

2

was the maximum sentence permitted by law, despite the fact that she had no prior criminal history. In response, the State asserts that during the in camera hearing following the sentencing proceeding, the circuit court stated that it had planned to put petitioner on probation until the circuit court viewed the video footage at issue. Thus, the substance of the video swayed the circuit court's decision. The circuit court also noted petitioner's continued denial of wrongdoing and the offensive nature of the conduct. The State further argues that inasmuch as the statute provides a ceiling for sentencing, the sentence is not one traditionally subject to appellate review. Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). As set forth herein, the Court applies a deferential abuse of discretion standard in reviewing sentencing orders. Syl. Pt. 1, *Lucas*; Syl. Pt. 1, *Sulick*. Based on the record before this Court, we find that the circuit court did not abuse its discretion in the imposition of petitioner's sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II