# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

November 21, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-1209** (Harrison County 12-M-10 & 11-F-183)

**Bradley Thomas Chucci,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Bradley Thomas Chucci, by counsel Vanessa Ann Welch, appeals the Sentencing Order entered by the Circuit Court of Harrison County on May 16, 2013, following his guilty plea to misdemeanor battery. Respondent State of West Virginia, by counsel Christopher S. Dodrill, filed a summary response. On appeal, petitioner challenges his sentence insofar as the circuit court made a finding that the crime was "sexually motivated," resulting in petitioner being required to register as a sex offender for life.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts and Procedural Background

In September of 2011, petitioner was indicted on a single felony charge of sexual abuse by a parent, guardian, custodian or person in a position of trust, in violation of West Virginia Code § 61-8D-5. The victim was the sixteen-year-old female friend of petitioner's daughter, who was staying the night with petitioner's daughter at their home. The Criminal Complaint underlying the indictment alleged that on February 6, 2011, petitioner, who had been drinking, laid in bed between the two girls dressed only in his underwear and a t-shirt, and that the victim awoke to petitioner's hand under her shirt and bra, groping her breasts. The Criminal Complaint states that the victim abruptly left petitioner's residence on foot, advised her parents of the incident when she arrived at her home, and her parents notified law enforcement.

In May of 2012, petitioner agreed to plead guilty to misdemeanor battery, and the State filed a one-count information against him on that charge.[1] However, based upon petitioner's

---

[1] The record reflects that petitioner signed a waiver of the statute of limitations permitting the information to be filed pursuant to the plea agreement.

1

reluctance to admit his guilt as set forth below, the circuit court rejected the plea and set the matter for trial.

The matter proceeded to a jury trial in November of 2012. The victim testified that she had never met petitioner prior to the night when she stayed with his daughter; that petitioner had been drinking that night; that she and petitioner's daughter fell asleep in petitioner's bed sometime between 2:00 a.m. and 2:30 a.m.; that she awoke to petitioner grasping her breast underneath her shirt and bra; and that she left the residence and returned to her home. The jury found petitioner guilty of sexual abuse by a parent, guardian, custodian, or person in a position of trust.

Thereafter, petitioner filed a Motion for Judgment of Acquittal or in the Alternative for a New Trial.[2] The circuit court held a hearing thereon, and by order entered January 22, 2013, denied petitioner's motion for judgment of acquittal, finding that "sufficient evidence was presented to the jury to sustain [petitioner's] conviction in this matter." However, the circuit court granted petitioner's motion for a new trial, stating as follows:

> [T]he issues surrounding [petitioner's] Motion for a New Trial cause the Court great concern. The Court believes the testimony elicited during the trial, both by the defense in its case in chief and upon cross examination of a defense witness by the State, may have improperly influenced the jury's decision.
>
> Therefore, out of an abundance of caution and in the interest of justice the Court will GRANT [petitioner's] motion for new trial . . . [3]

Prior to the second trial, by agreement with the State, petitioner agreed to plead guilty pursuant to *Kennedy v. Frazier,* 178 W.Va. 10, 357 S.E.2d 43 (1987),[4] to the misdemeanor offense of battery. At the plea hearing on March 19, 2013, petitioner indicated that he understood the consequences of his plea and the potential sentence of up to one year in jail. The circuit court further advised petitioner as follows:

> THE COURT: The Court would advise you, based upon the allegations in the indictment in this case, and the fact that the Court's aware of what the alleged conduct was, that if the Court accepts your plea, and further finds that the offense

---

[2] Petitioner's Motion for Judgment of Acquittal or in the Alternative for a New Trial is not included in the appendix record.

[3] The circuit court's order granting a new trial does not identify the witness who provided the problematic testimony, what the testimony was, or how it may have improperly influenced the jury. It seems clear, however, that the witness testimony that resulted in the circuit court granting a new trial was not that of the victim.

[4] Consistent with *Kennedy,* petitioner was not required to provide a factual basis for the offense to which pled guilty.

2

was sexually motivated, the offense of battery, that you could be required to register as a sexual offender under the laws of the State of West Virginia.

Do you understand that?

[PETITIONER]: Yes, sir.

Petitioner further indicated that he understood that he could be required to register for life because the victim was a minor. The circuit court then accepted petitioner's guilty plea pursuant to *Kennedy* and stated that

the Court is aware of what the State's evidence would be if this case went to trial, because it's gone to trial, and the jury found you guilty of the more serious offense of sexual abuse by a parent, guardian, custodian, or person in a position of trust.

Petitioner indicated that his guilty plea to battery was in his best interest given the possibility that, if he went to trial, he could be convicted of the more serious felony again and be subjected to a much more severe penalty. The circuit court memorialized its statement regarding the possibility of a "sexually motivated" finding in an April 8, 2013, order,[5] which also set the matter for sentencing. Petitioner did not object during the plea hearing or to the April 8, 2013, order.

The parties appeared for a sentencing hearing on May 6, 2013. After recounting the procedural history of the case, including the previous trial, conviction, and order granting a new trial, the State argued as follows:

So knowing that the Court has presided over those matters and is very familiar with the facts and circumstances of this case, taking into consideration [petitioner's] continued innocence as he alleges. However, there's never – no explanation that's ever been given for the victim in this matter to fabricate anything, and taking into consideration, those facts.

The credibility of the victim, as well as the underlying offense itself, which the Court is aware of, that being, for the inappropriate touching of the breasts of a minor child, the State would ask that [petitioner] be committed to the North Central Regional Jail for a period of one year. And that he be assessed the costs in this matter.

---

[5] The April 8, 2013, order states as follows:

Thereupon, the Court further advised the defendant that the Court could make a finding that the offense to which the defendant is to enter a plea of guilty was sexually motivated and that the Court could require that the defendant register as a sex offender for life and if he so failed to register, he could face additional charges as well.

3

Petitioner's counsel acknowledged at the hearing that the circuit court was "fairly familiar with the circumstances in this case." His counsel argued that, by allowing petitioner to plead to a misdemeanor, the State must not believe that the offense was serious enough to warrant a felony conviction. Petitioner's counsel argued that any jail sentence should be suspended in lieu of probation. Petitioner's counsel made no mention of the possibility of a "sexually motivated" finding and presented no evidence or argument to refute the State's proffer that the basis of the battery was the "inappropriate touching of the breasts of a minor child." At the conclusion of the hearing, the circuit court rejected petitioner's request for probation and sentenced petitioner to twelve months in jail, stating as follows:

> The Court deems this to be a serious offense. Yes, I heard the evidence in the other case. The Court set aside that verdict because of some evidence that was elicited during the trial, that the Court felt was inappropriate and possibly prejudiced the jury in this case.

> However, in the end, this was an issue of credibility between the alleged victim and [petitioner], and based upon the nature of what allegedly occurred here, the Court believes that this offense was a serious offense.

> And my recollection is that [petitioner] admitted getting into bed with his teenage daughter and this teenage victim. Although, he denied the actual touching, which the victim indicated occurred.

> The Court will also find that the offense of battery in this case was sexually motivated, and [sic] a result [petitioner] will be required to register as a sexual offender.[6]

In its Sentencing Order entered on May 16, 2013, in addition to imposing a twelve-month jail sentence, the circuit court stated that "pursuant to West Virginia Code § 15-12-2(c),[7] that the offense of Battery for which [petitioner] stood convicted was sexually motivated and accordingly ORDERED that he register as a sex offender for life." The order contains a hand-written addition that states as follows:

> The Court's finding that the offense was sexually motivated was based upon the testimony of the victim, which the Court finds to be credible that the defendant who had been drinking alcohol laid in bed with his 16 year old daughter and the

---

[6] Petitioner did not object during the sentencing hearing.

[7] Pursuant to West Virginia Code § 15-12-2(c), "[a]ny person who has been convicted of a criminal offense and the sentencing judge made a written finding that the offense was sexually motivated shall also register as set forth in this article." "Sexual motivation" means "that one of the purposes for which a person committed the crime was for any person's sexual gratification." W.Va. Code § 15-12-2(j).

4

16 year old victim and the victim awoke to find the defendant with his hand under her shirt and bra groping her breasts.

On September 13, 2013, petitioner filed a "Motion for Reconsideration"[8] of his sentence, challenging the circuit court's finding that the battery was sexually motivated.[9] By order entered October 22, 2013, the circuit court denied the motion, stating that "the Court believes that the sentence previously imposed by sentencing order entered May 16, 2013, is appropriate for reasons that are apparent from the record." Petitioner now appeals to this Court.

**Discussion**

A circuit court's sentencing decisions are reviewed for an abuse of discretion. Syl. Pt. 1, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997). Petitioner raises one assignment of error on appeal -- that the circuit court abused its discretion by making the written finding at sentencing that the crime was sexually motivated based upon facts outside of the record of the proceeding. Specifically, petitioner takes issue with the fact that the circuit court failed to require that the State present the testimony of the victim at sentencing, but instead, made the "sexually motivated" finding based upon court's own recollection of the victim's trial testimony. The State counters that all of the parties were well aware that the charge to which petitioner pled guilty, and for which he was being sentenced, involved groping the breasts of the teenage friend of his daughter while she slept in his home.

In syllabus points 1 and 2 of *State v. Whalen*, 214 W.Va. 299, 588 S.E.2d 677 (2003), we held as follows:

> 1. In order for a sentencing judge to make a finding pursuant to W.Va. Code, 15-12-2(c) [2001] that a defendant who has been convicted of a criminal offense that is not specifically identified in the Sex Officer Registration Act at W.Va. Code, 15-12-2(b) [2001]—after a trial or by means of a plea of guilty or *nolo contendere*—was "sexually motivated" in the commission of that offense, the defendant must have been advised prior to trial or the entry of a plea of the possibility of such a finding.

> 2. The evidentiary standard for a finding of "sexual motivation" pursuant to W.Va. Code, 15-12-2(c) [2001] is proof beyond a reasonable doubt, and a defendant must be given the opportunity to oppose and contest such a proposed finding with evidence and argument.

---

[8] The circuit court treated this motion as a motion for reduction of sentence as contemplated by Rule 35(b) of the West Virginia Rules of Criminal Procedure.

[9] In this motion, petitioner requested that the circuit court reconsider only the finding that the offense was sexually motivated, not the imposition of the twelve-month jail term. Petitioner's sole argument in support for his motion was that "[t]he defendant believes that the evidence adduced at trial does not support a finding that the crime was sexually motivated."

The record in this matter amply supports the State's position. Consistent with syllabus point 1 of *Whalen,* the circuit court first advised petitioner at the March 19, 2013, plea hearing that it could make the "sexually motivated" finding and require him to register as a sex offender for life. In fact, prior to entering his plea, petitioner expressly indicated on the record that he understood that such a result was possible, but proceeded to enter his plea regardless. Second, the circuit court memorialized the possibility of the "sexually motivated" finding in an April 8, 2013, order, to which petitioner never objected. Then, for a third time, at the May 6, 2013, sentencing hearing, the assistant prosecuting attorney recounted the history of the case, including the first trial resulting in petitioner's felony sexual abuse conviction. The assistant prosecutor clearly described the offense to which petitioner pled guilty as "the inappropriate touching of the breasts of a minor child." Petitioner was present, heard this proffer of evidence by the State, and did not dispute it. Instead, petitioner focused his sentencing argument on avoiding incarceration.

Finally, the circuit court itself recounted that in the first trial, petitioner admitted getting into bed with the two girls, but denied the actual touching of the victim's breast – the same touching to which he pled guilty. Clearly, petitioner was "given the opportunity to oppose and contest such a proposed finding with evidence and argument," and he failed to do so. Moreover, we find that there was sufficient evidence adduced in this matter by which the State proved that petitioner's battery of the teenage victim was "sexually motivated." Under the facts and circumstances presented in this case, we cannot find that the circuit court abused its discretion in its May 16, 2013, Sentencing Order.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6