# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff below, Respondent**

**vs)  No. 15-0373** (Marion County 14-F-182)

**Carlos Angle,**
**Defendant below, Petitioner**

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Carlos Angle, by counsel Lance E. Rollo, appeals the Circuit Court of Marion County's April 2, 2015, sentencing order following his guilty plea to attempted unlawful assault. The State of West Virginia, by counsel Zachary A. Viglianco, filed its response and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in finding that the crime was "sexually motivated," resulting in petitioner being required to register as a sex offender for ten years.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2009, a Marion County grand jury indicted petitioner on charges of burglary and second-degree sexual assault. Following a jury trial in July of 2011, petitioner was convicted of sexual abuse in the first degree (a lesser included offense of sexual assault in the second degree) and was acquitted of the burglary charge. Following this conviction, the State filed a recidivist information that resulted in a second jury conviction. Thereafter, petitioner filed a direct appeal with this Court asserting five assignments of error. Specifically, petitioner argued that the circuit court failed to make the requisite findings necessary for a determination that the evidence offered by the State at his trial was admissible pursuant to Rule 404(b) of the West Virginia Rules of Evidence. By decision entered June 5, 2014, this Court reversed petitioner's conviction for first-degree sexual abuse, and remanded the case to the circuit court for a new trial. *See State v. Angle*, 233 W.Va. 555, 759 S.E.2d 786 (2014). This Court also vacated petitioner's recidivist conviction.

In November of 2014, petitioner agreed to waive indictment and be charged by information with one count of attempted unlawful assault. Petitioner entered into an *Alford* plea

1

with the State of West Virginia to resolve this charge.[1] Pursuant to the agreement, the State agreed not to pursue a recidivist information against petitioner. Furthermore, the parties agreed to argue whether the offense was "sexually motivated" pursuant to West Virginia Code § 15-2-2(c). On March 16, 2015, the circuit court held a sentencing hearing during which the victim testified that "she was sleeping on her stomach and that the defendant was on top of her with his pants pulled down." According to the victim, she "felt [petitioner's] penis touch her legs between her legs and her vaginal area." The circuit court explicitly found that the witness was credible and petitioner did not call any rebuttal witnesses or introduce any evidence. The circuit court concluded that "[b]ased upon the testimony of the victim, [] the offense of attempted unlawful assault was sexually motivated as defined in W.Va. Code §§ 15-12-2(c) and (j)." As such, the circuit court sentenced petitioner to a term of incarceration of one to three years by order entered April 2, 2015. Because the circuit court found that petitioner's crime was "sexually motivated," petitioner was ordered to register as a sexual offender for ten years after his release from incarceration. It is from this order that petitioner appeals.

On appeal, petitioner argues that the circuit court erred when it found that petitioner's crime was sexually motivated requiring him to register as a sex offender, pursuant to West Virginia Code §§ 15-12-2(c) and 15-2-4(a), because the State failed to present sufficient evidence in support of this finding. Petitioner contends that the victim's testimony during the March 16, 2015, hearing was inconsistent with her prior statements, particularly her victim impact statement and her statement to law enforcement.[2]

"'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 8, *State v. Sulick*, 232 W.Va. 717, 753 S.E.2d 875 (2012). "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.'

---

[1] An *Alford* plea, from the decision in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), allows a defendant to enter a guilty plea without admitting guilt. *See* Syl. Pt. 1, *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987) (stating that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.").

[2] In his brief to this Court, petitioner refers to these documents as "exhibits." However, upon review of the appendix record, it does not appear that these documents were presented to the circuit court or made part of the underlying record during the March 16, 2015, hearing. Further, petitioner has not filed a motion for leave to supplement the record in this appeal. Rule 6(b) of the West Virginia Rules of Appellate Procedure provides that "[a]nything not filed with the lower tribunal shall not be included in the record on appeal unless the Court grants a motion for leave to supplement the record on appeal for good cause shown." Because petitioner did not file these documents with the circuit court and did not file an appropriate motion with this Court, we are not obligated to consider these documents in support of petitioner's argument.

2

Syllabus point 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *Id.* Further, "[t]he evidentiary standard for a finding of 'sexual motivation' pursuant to W.Va. Code, 15-12-2(c) [2001] is proof beyond a reasonable doubt, and a defendant must be given the opportunity to oppose and contest such a proposed finding with evidence and argument." Syl. Pt. 2, *State v. Whalen*, 214 W.Va. 299, 588 S.E.2d 677 (2003).[3] As to challenges to the sufficiency of the evidence, "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (quoting *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). We have also held that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 4, *State v. Messer*, 223 W.Va. 197, 672 S.E.2d 333 (2008). Upon our review, we find that petitioner has not established that the State failed to present sufficient evidence that the crime was sexually motivated. While petitioner attacks the victim's credibility, he ignores the fact that the only evidence presented during the sentencing hearing was the victim's testimony. Petitioner also ignores that the circuit court clearly found that "the witness's testimony to be credible[.]"As for the inconsistences between the victim's March 16, 2015, testimony and her prior statements, the record is devoid of any evidence that indicate that the victim's March 16, 2015, testimony was inconsistent with her prior statements.[4] Although we are not obligated to consider petitioner's "exhibits," a review of her "statement to law enforcement" is consistent with the circuit court's finding that "the [petitioner's] penis touch[ed] her legs between her legs and her vaginal area." This Court has held that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). The victim's testimony is sufficient to establish that petitioner's crime was sexually motivated, and the circuit court was uniquely situated to determine that the victim's version of the events was credible. Petitioner also had the opportunity to present evidence and argument on this issue, which he declined. This

---

[3]Petitioner incorrectly states that the burden of proof required to find that the offense was sexually motivated is by a preponderance of the evidence.

[4]Petitioner did not include a transcript of the March 16, 2015, hearing as part of the appendix record.

3

Court has long held that, "[t]he presumption of law is in favor of the correctness of the judgment of the lower court, and this court will not reverse unless error affirmatively appears by the record." Syl., *Scott v. Newell*, 69 W.Va. 118, 70 S.E. 1092, 1093 (1911).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  April 12, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II