# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-1072** (Kanawha County 11-F-849)

**Mark T.,**
**Defendant Below, Petitioner**

**FILED**

**September 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mark T., by counsel Timothy J. LaFon, appeals the Circuit Court of Kanawha County's October 7, 2015, order sentencing him to a two-year term of incarceration following his plea of guilty to two counts of battery.[1] The State, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner argues that the circuit court erred in finding that his crimes were sexually motivated.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted during the September 2011 term of court on one count of second-degree sexual assault, one count of first-degree sexual abuse, and one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust. In May of 2013, petitioner entered into plea negotiations with the State and agreed to plead guilty to two counts of battery. As part of the plea agreement, the State could seek a finding that petitioner's crimes were "sexually motivated" pursuant to West Virginia Code § 15-12-2(c), and argue in favor of a lifetime sexual offender registration. During the plea hearing, petitioner admitted to fondling the victim's breasts and buttocks. As a result of his admissions, the circuit court made both a written and oral finding that the two counts of battery were sexually motivated pursuant to West Virginia Code § 15-12-2(c). In October of 2013, petitioner was sentenced to two one-year terms of incarceration for each count of battery, with the sentences to run consecutively. Additionally, the circuit court

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

informed petitioner that he would have to register as a sex offender for life upon his release from incarceration.

In September of 2014, after his release from incarceration, petitioner filed a motion requesting that the circuit court stay the order requiring him to register as a sex offender. In his motion, petitioner argued that he was permitted to present evidence, pursuant to *State v. Whalen*, 214 W.Va. 299, 588 S.E.2d 677 (2003), that his crimes were not sexually motivated. Petitioner's motion for a stay was granted "until such time when an evidentiary hearing can be conducted." In October of 2014, petitioner filed a second motion for a stay wherein he argued that the evidentiary hearing should have been conducted during the sentencing hearing and he was prejudiced due to the passage of time.

In September of 2015, the circuit court held an evidentiary hearing wherein the victim testified that she was seventeen years old at the time of the incident and petitioner and his wife hired her to babysit their three small children. The victim testified that, on the night of the incident, petitioner drove her home and told her that "she had the body of a woman." She further testified that petitioner asked if she wanted to have "fun" and smoked marijuana in the vehicle. The victim also testified that petitioner pulled the vehicle over in a school parking lot, pulled her out of the vehicle and kissed her, fondled her breasts and buttocks, put his hand down her pants, and penetrated her vagina. The victim testified that she repeatedly told the petitioner "no" and asked him to take her home. According to the victim's testimony, once she arrived home, she woke up her grandmother, told her grandmother that petitioner "tried to rape [her]," and her grandmother took her to the hospital. At the close of the evidence, the circuit court again made both written and oral findings that petitioner's crimes were sexually motivated pursuant to West Virginia Code § 15-12-2(c), lifted the temporary stay, and directed petitioner to register as a sex offender for the duration of his life as previously ordered in October of 2013. It is from the October of 2015 order that petitioner now appeals.

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000). On appeal, petitioner argues that the circuit court erred in requiring him to register as a lifetime sex offender without holding an evidentiary hearing at the time of his sentencing hearing. West Virginia Code § 15-12-2(c) provides that "[a]ny person who has been convicted of a criminal offense and the sentencing judge made a written finding that the offense was sexually motivated shall also register as set forth in this article." Regarding making the finding that a crime was sexually motivated, we have held that

> [i]n order for a sentencing judge to make a finding pursuant to [West Virginia Code 15-12-2(c)] that a defendant who has been convicted of a criminal offense that is not specifically identified in the Sex [Offender] Registration Act at

2

[West Virginia Code 15-12-2(b) (2001)] . . . by means of a plea of guilty . . . was "sexually motivated" in the commission of that offense, the defendant must have been advised prior to trial or the entry of a plea of the possibility of such a finding.

Syl. Pt. 1, *State v. Whalen*, 214 W.Va. 299, 588 S.E.2d 677 (2003). We have also held that "[t]he evidentiary standard for a finding of 'sexual motivation' pursuant to [West Virginia Code § 15-12-2(c)] is proof beyond a reasonable doubt, and a defendant must be given the opportunity to oppose and contest such a proposed finding with evidence and argument." *Id*. at 214 W.Va. at 300, 588 S.E.2d at 678, Syl. Pt. 2.

In this case, petitioner asserts that he was entitled to an evidentiary hearing prior to his sentencing. Under the specific facts of this case, we reject petitioner's argument. According to the record, petitioner did not object to the finding that his crimes were sexually motivated either prior to or at sentencing, and did not dispute the evidence presented at the sentencing hearing. Petitioner did not raise an objection to the finding that his crimes were sexually motivated until his release from incarceration, some two years after sentencing. It is evident from the record that petitioner did not receive an evidentiary hearing prior to his sentencing because he did not object to the circuit court's proceeding to the finding. Nevertheless, after petitioner filed his motion for a stay in September of 2014, the circuit court held an evidentiary hearing wherein he was afforded the opportunity to present evidence that his crimes were not sexually motivated.

Moreover, it is clear from the plea hearing that petitioner's plea agreement clearly stated that respondent would seek a finding at sentencing that petitioner's crimes were "sexually motivated" pursuant to West Virginia Code § 15-12-2(c), and argue in favor of lifetime sex offender registration. During the allocution, petitioner admitted to fondling the victim's breasts and buttocks and acknowledged respondent's right to request lifetime sex offender registration as part of the plea agreement. In addition to his acknowledgement of the plea agreement, the circuit court informed petitioner that he would have to register as a sex offender for life once he was released from incarceration. It is also clear from the record that petitioner did not object at sentencing to the finding that his crimes were sexually motivated and he did not dispute the evidence presented at the sentencing hearing. Given petitioner's admissions during the plea hearing, his knowledge that respondent would argue in favor of lifetime sex offender registration, and his decision to file a motion to stay after his release from incarceration, we find no merit to petitioner's assignment of error.

For the foregoing reasons, the circuit court's October 7, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: **September 19, 2016**

3

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II