# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0053** (Mineral County 15-F-108)

**Alex James McDonald,**
**Defendant Below, Petitioner**

**FILED**

**November 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Alex James McDonald, by counsel Nicholas T. James, appeals the Circuit Court of Mineral County's December 22, 2015, and January 7, 2016, orders finding that the crime of battery, to which he pled no contest, was sexually motivated. The State, by counsel Zachary Aaron Viglianco, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in finding that the crime of contributing to the delinquency of a minor was sexually motivated, that the crime of battery was sexually motivated, and in allowing a witness to testify to inadmissible hearsay.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was the director of a local community theater group that was scheduled to perform a play in November of 2013. At the time, K.B.,[1] a minor, was cast to play a role that required her to wear a dress. During a dress rehearsal, K.B. complained that the neckline of her costume was too revealing. She voiced her complaint to petitioner, who, in the process of "fixing" the costume, used both hands to grab K.B.'s chest and "basically pressed her breasts together." Subsequently, petitioner touched K.B.'s buttock and made a flirtatious comment to her on another occasion. K.B. did not initially report these incidents to anyone out of fear of not being believed, social ostracization, and exclusion from future productions.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

In the weeks following these incidents, petitioner sent numerous sexually suggestive text messages to K.B. These text messages intimated petitioner's desire to have a physical, romantic relationship with K.B. In the messages, petitioner complimented K.B. on her physical appearance, told her that he loved her, described several sexually-suggestive acts he wished to engage in with her, and attempted to arrange for the two of them to be alone together. Eventually, K.B. reported petitioner's behavior to her mother. This information was then passed along to a local high school resource officer and the West Virginia State Police, who conducted an investigation.

Thereafter, petitioner was charged, by information, with the following crimes: battery; contributing to the delinquency of a minor; first-degree sexual abuse; and sexual abuse by a person in a position of trust. The State offered a plea deal whereby petitioner would plead guilty to one count of battery and one count of contributing to the delinquency of a minor, and the remaining charges would be dismissed. The offer also provided that the State would not request incarceration, but that it did intend "to show . . . [that] the Battery was sexually motivated." As a result, the State indicated to petitioner that he may have to register as a sex offender after his conviction. However, the State also cautioned that this was a nonbinding plea agreement and that the circuit court could choose to dispose of the case in some other manner. On August 25, 2015, petitioner accepted the offer and pled no contest to the two crimes.

In December of 2015, the circuit court held a sentencing hearing to determine if petitioner's battery was sexually motivated. Petitioner provided a witness who testified that she observed the incident and no inappropriate touching occurred. The State rebutted that evidence with testimony from an investigating officer, the text messages between petitioner and K.B., testimony from a social worker that interviewed K.B., and a prepared statement from K.B.'s mother. During the investigating officer's testimony, petitioner objected to any testimony concerning the victim's statements to the officer, both on hearsay grounds and because petitioner alleged that the statements were testimonial in nature. Upon consideration of this evidence, the circuit court concluded that petitioner's actions were sexually motivated and sentenced him to six months of incarceration for battery and six months of incarceration for contributing to the delinquency of a minor, said sentences to run consecutively to one another. On December 22, 2015, the circuit court entered a brief order in which it found that petitioner's battery was sexually motivated. Then, on January 7, 2016, the circuit court entered a second detailed order in which it again found that petitioner's battery was sexually motivated and that, upon his release from incarceration, he would "have three days to contact the West Virginia State Police to register as a sex offender." It is from this order that petitioner appeals.

We have previously held as follows:

"In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *State v. Hinchman*, 214 W.Va. 624, 591 S.E.2d 182 (2003).

2

Syl. Pt. 1, *State v. Seen*, 235 W.Va. 174, 772 S.E.2d 359 (2015). Upon our review of the record on appeal, the Court finds no error in the proceedings below.

To begin, it is important to note that petitioner's assignment of error alleging that the circuit court erred in finding that the crime of contributing to the delinquency of a minor was sexually motivated is without merit. The sole basis for petitioner's argument in support of this assignment of error is a portion of the transcript from the December 22, 2015, hearing on sexual motivation wherein the court stated "that [petitioner's] assault and . . . contributing to the delinquency of a minor [were] sexually motivated." However, petitioner's argument on this issue wholly ignores the record on appeal and our prior case law. Importantly, the circuit court issued an order on sexual motivation the same day as the hearing, and the December 22, 2015, order clearly provides that petitioner "was sexually motivated in committing the offense of Battery." Moreover, the circuit court's January 7, 2015, order similarly provides that "the battery was sexually motivated." Neither of these orders makes any finding whatsoever in regard to the crime of contributing to the delinquency of a minor being sexually motivated, which is in keeping with the fact that the State sought to show that only the battery was sexually motivated. Simply put, "[i]t is a paramount principle of jurisprudence that a court speaks only through its orders." *Legg v. Felinton*, 219 W.Va. 478, 483, 637 S.E.2d 576, 581 (2006)(citing *State v. White*, 188 W.Va. 534, 536 n.2, 425 S.E.2d 210, 212 n.2 (1992)). Moreover, we have held that "it is clear that where a circuit court's written order conflicts with its oral statement, the written order controls." *Id.* (quoting *State v. White*, 188 W.Va. 534, 536 n.2, 425 S.E.2d 210, 212 n.2 (1992)). Accordingly, we find that the circuit court clearly found that only petitioner's battery constituted a sexually motivated crime. The circuit court made no such finding with regard to the crime of contributing to the delinquency of a minor, and, thus, this assignment of error has no merit.

Next, the Court finds no error in the circuit court's finding that petitioner's crime of battery was sexually motivated. Pursuant to West Virginia Code § 15-12-2(c), "[a]ny person who has been convicted of a criminal offense and the sentencing judge made a written finding that the offense was sexually motivated shall also register as set forth in this article." Moreover, West Virginia Code § 15-12-2(j) provides that "the term 'sexually motivated' means that one of the purposes for which a person committed the crime was for any person's sexual gratification." On appeal, petitioner alleges that the State failed to prove, beyond a reasonable doubt, that the battery was sexually motivated because he provided a witness who testified that no inappropriate touching occurred. Specifically, this witness testified that she did not see petitioner touch anything other than K.B.'s shoulder while he pulled up a strap on her dress. As such, petitioner argues that the circuit court erred. The Court, however, does not agree.

In addressing the standard for findings of sexual motivation, we have held as follows:

> "The evidentiary standard for a finding of 'sexual motivation' pursuant to W. Va.Code § 15-12-2(c) (2001) is proof beyond a reasonable doubt, and a defendant must be given the opportunity to oppose and contest such a proposed finding with evidence and argument." Syl. Pt. 2, *State v. Whalen*, 214 W.Va. 299, 588 S.E.2d 677 (2003).

*Seen* at - -, 772 S.E.2d at 361, Syl. Pt. 4. As noted above, the only evidence upon which petitioner relies to argue that his crime was not sexually motivated was a witness who testified that no inappropriate touching ever occurred. To the contrary, the State presented ample evidence that the battery in question was sexually motivated. This included testimony from both an investigating officer and a social worker who indicated that petitioner grabbed both of the victim's breasts and squeezed them together. Moreover, the circuit court considered overwhelming evidence that petitioner was sexually attracted to the victim, including the text messages from petitioner to the victim. These text messages included statements from petitioner such as "[y]our cleavage looks good" and "I can't wait to kiss you and feel you in my arms!" Additionally, the victim's mother testified that petitioner attempted to arrange meetings with the victim so the two could be alone and was upset when the victim did not appear.

This evidence overwhelmingly supports the circuit court's finding that the battery in question was sexually motivated. While it is true that petitioner provided a witness who testified to the contrary, such conflicting evidence is insufficient to create a reasonable doubt as to petitioner's sexual motivation, and, thus, we cannot hold that the circuit court's finding is clearly erroneous. To the contrary, the circuit court simply made a credibility determination regarding the conflicting evidence as the finder of fact. We have held that "finders of fact[] have the responsibility of weighing the evidence and the credibility of the witnesses and resolving these inconsistencies . . . ." *State v. Houston*, 197 W.Va. 215, 230, 475 S.E.2d 307, 322 (1996) (citing *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995)). Further, we have explained that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Because it is clear that the circuit court found the State's evidence on the issue of sexual motivation more credible than petitioner's, we find no error in its determination that petitioner's battery was sexually motivated.

Finally, the Court finds no error in regard to the circuit court's ruling allowing a State Trooper to testify to statements made by the victim during the course of his investigation at sentencing in this matter. According to petitioner, the circuit court's consideration of this hearsay evidence violated both the West Virginia Rules of Evidence and his constitutional right to confront his accuser. The Court, however, does not agree. Specifically, petitioner argues that the State Trooper's testimony concerning the victim's statements was inadmissible hearsay because it was testimonial in nature. However, petitioner's argument ignores the fact that this Court has generally held that "the Rules of Evidence do not apply to sentencing hearings." *State v. Trail*, 236 W.Va. 167, 180 n.17, 778 S.E.2d 616, 629 n.17 (2015) (citing W.Va. R. Evid. 1101(b)); *see also State v. LaRock*, 196 W.Va. 294, 306 n.15, 470 S.E.2d 613, 625 n.15 (1996) (noting that "the West Virginia Rules of Evidence do not apply to sentencing matters and proceedings[.]").

Further, petitioner argues that his right to confrontation was violated because the victim was in the courtroom and available to testify, yet the circuit court instead allowed the State Trooper to testify to inadmissible hearsay. Again, petitioner's argument ignores the fact that the law upon which he relies clearly limits his right to confrontation to the underlying trial, not sentencing. Indeed, the Supreme Court of the United States has held that "[t]he right to confront and to cross-examine witnesses is primarily a functional right that promotes reliability *in*

*criminal trials.*" *Lee v. Illinois*, 476 U.S. 530, 540, 106 S.Ct. 2056, 2062 (1986) (emphasis added). Moreover, this Court has held as follows:

> The type of evidence that is admissible in the mercy phase of a bifurcated first degree murder proceeding is much broader than the evidence admissible for purposes of determining a defendant's guilt or innocence. Admissible evidence necessarily encompasses evidence of the defendant's character, including evidence concerning the defendant's past, present and future, as well as evidence surrounding the nature of the crime committed by the defendant that warranted a jury finding the defendant guilty of first degree murder, so long as that evidence is found by the trial court to be relevant under Rule 401 of the West Virginia Rules of Evidence and not unduly prejudicial pursuant to Rule 403 of the West Virginia Rules of Evidence.

Syl. Pt. 7, *State v. McLaughlin*, 226 W.Va. 229, 700 S.E.2d 289 (2010).

Petitioner additionally argues that the circuit court's December 22, 2015, hearing was one of mixed purpose; namely, that the circuit court sought to sentence petitioner, but also to make a determination as to whether his crime was sexually motivated. As such, petitioner argues that he should have been entitled to protections against the introduction of hearsay evidence because it was not a sentencing hearing. The Court, however, does not find petitioner's argument compelling. It is undisputed that the hearing was convened in order to sentence petitioner for the crimes to which he pled. Moreover, West Virginia Code § 15-12-2(c) clearly requires that "the sentencing judge" make a finding as to the defendant's sexual motivation for the crime. Additionally, we have specifically instructed that "*a sentencing judge*" is "to make a finding pursuant to W.Va.Code, 15–12–2(c) [2001] that a defendant" had a sexual motivation for the crime in question. Syl. Pt. 1, in part, *State v. Whalen*, 214 W.Va. 299, 588 S.E.2d 677 (2003) (emphasis added). As such, it is clear that petitioner's guilt was previously established, and the circuit court proceeded to the sentencing phase of the criminal matter. While petitioner argues that he was entitled to an opportunity to oppose and contest the proposed finding of sexual motivation, the Court finds that he was awarded such an opportunity and that the contested nature of the hearing does not alter our finding that the hearing was held for purposes of sentencing.

For the foregoing reasons, the circuit court's December 22, 2015, and January 7, 2016, orders finding that his battery was sexually motivated are hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2016

5

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II